UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-80558-CIV-SEITZ/O'SULLIVAN

SOUTHERN COATINGS, INC.,

        Plaintiff,

v.

CENTURY SURETY COMPANY and
ONE BEACON INSURANCE COMPANY,
a/s/o Capitol Lighting, Inc.,

        Defendants.
_____/

## ORDER (1) GRANTING, IN PART, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; (2) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND (3) STAYING CASE

THIS MATTER is before the Court on the cross-motions for Summary Judgment of Defendant Century Surety Company ("Century") [DE-26] and Plaintiff Southern Coatings, Inc. ("Southern Coatings") [DE-28]. Century seeks a declaratory judgment that it has no duty to defend or indemnify its insured, Southern Coatings, in an underlying state court case between Southern Coatings and One Beacon Insurance Co. ("One Beacon"), as subrogee of Capitol Lighting, Inc. ("Capitol Lighting"). In the state court action, One Beacon alleges that the work Southern Coatings performed on Capitol Lighting's building caused water damage during a rainstorm.

Century argues that the classification limitation in its insurance policy with Southern Coatings covers only "painting" and "waterproofing" operations, and that Southern Coatings was engaged in roofing work at the Capitol Lighting building. However, as Southern Coatings argues in its motion, it is apparent that the state court Complaint ("the Complaint") contains sufficient allegations that the work, or a substantial part of it at least, was waterproofing and therefore within the scope of the policy coverage. Because it is the Complaint that controls the duty to defend, not the true facts, Century must defend the state court action. The issue of indemnification may not be resolved until resolution of the underlying state case. Therefore, the case is stayed pending resolution of the underlying state court action.

I.   **Factual Background**

Southern Coatings is in the business of installing waterproof roofing systems. *See* 06-61880,[1] DE-57, Ex. D, Deposition of Patrick Biederman, Sept. 11, 2007 ("Biederman Dep.")[2] pp. 10 ("We're an applicator of spray paint of polyurethane foam and coatings .... That's the main focus of what we do .... That's basically what we do. It's the system we apply."). It has conducted such work in South Florida for nearly 30 years. *Id.*, p. 10. Southern Coatings' work involves application of urethane foam and paint coatings to existing roofs. *Id.*, pp. 10-11, 17. This coating acts as a membrane to stop water from leaking through the roof. *Id.*, p. 17. Prior to application of the urethane coating, Southern Coatings sometimes has to remove the preexisting layers of shingle or tar and gravel (depending on the type of roof) and put down a particle board type of material to create a smooth surface. *Id.*, pp. 22-24. In connection with that work, the state requires Southern Coatings to hold a roofing license. *Id.*, pp. 7-8, 63. But Southern Coatings does not do any conventional structural roofing work. *See Id.* pp. 62-63.

In September 2004, Southern Coatings entered a contract with Capitol Lighting to apply urethane foam waterproofing and insulation to Capitol Lighting's existing roof deck. *See* DE-26, Ex. A (the "Contract"). The one-page Contract (which is entitled "Proposal" and attached to the underlying Complaint) provides in pertinent part that Southern Coatings agreed to:

3.0   Tear roof off existing BUR roof to metal deck ...

6.0   Apply urethane foam waterproofing and insulation at approximately one (1") inch thickness over the roof substrate. Urethane foam sprayed in place will form a monolithic, self-flashing seal over the entire substrate.

7.0   Apply elastomeric coating in two separate applications (total 3 gallons per 100 sq. ft.). This will add additional waterproofing and ultra violet protection to this urethane foam.

---

[1]   The parties agreed to consolidate discovery in this case with a similar case in this District, *Century v. Southern Coatings*, 06-61880-CIV.

[2]   Patrick Biederman has worked for Southern Coatings for 12 years; he is currently president of the company. Biederman Dep. pp. 8-9.

*Id.* Ex. A.

One Beacon filed in the Circuit Court of Palm Beach County Florida, Case No. 2006-CA-003131, alleging that Southern Coatings is liable for water damage to Capitol Lighting's property following a rainstorm. *Id.* ¶ 8. Asserting the theories of breach of contract and negligence, One Beacon claims that Southern Coatings was negligent in failing "to secure the roof during the course of their working" and breached the Contract by "failing and refusing to properly complete the work contracted for." *Id.* ¶¶ 7, 12.

Southern Coatings notified Century of the lawsuit and sought its defense and indemnity under the terms of Southern Coatings' Commercial General Liability policy (the "Policy"). *See* DE-26, Ex. B (excerpts of Policy provisions). The Policy contains a classification limitation which provides in pertinent part that insurance coverage is limited to "[t]he classifications or operations shown above; or any operations necessary or incidental to those classifications or operations shown above." *Id.* The two classifications the Policy covers are (1) "Painting – Exterior" and (2) "Waterproofing." *Id.*

Century denied coverage but has been defending Southern Coatings in the state court action under a reservation of rights. Century removed the third-party indemnity action against it in the Florida Circuit Court to this Court. The gist of Century's denial of coverage is its contention that the work Southern Coatings performed for Capitol Lighting was not waterproofing but roofing, and Century should not be required to defend or indemnify Southern Coatings.

## II.   Standard of Review

Summary judgment under Fed. R. Civ. P. 56(c) is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The moving party bears the initial responsibility of showing the Court, by reference to the record, that

there are no genuine issues of material fact to be decided at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This burden may be met by "showing" or "pointing out" to the Court that there are no genuine issues of material fact. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593 (11th Cir. 1995) (*per curiam*) (quoting *Celotex*, 447 U.S. at 325). Once the initial burden is met, the non-moving party must go beyond the pleadings and "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)); *see also Celotex*, 477 U.S. at 324. In so doing, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586. Instead, there must be a sufficient showing that the jury could reasonably find for that party. *Anderson*, 477 U.S. at 252; *see also Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

When deciding whether summary judgment is appropriate, the Court must view the evidence and all reasonable factual inferences therefrom in the light most favorable to the non-moving party. *Witter v. Delta Air Lines, Inc.*, 138 F.3d 1366, 1369 (11th Cir. 1998) (citations omitted). The Court must then decide whether "'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (quoting *Anderson*, 477 U.S. at 251-52)).

### III. Analysis

#### A. Duty to Defend

Century moves for judgment in its favor and a declaration that it owes no duty to defend Southern Coatings in the underlying state court action. Florida law governs the duty to defend in this diversity action. *See Hartford Acc. & Indem. Co. v. Beaver*, 466 F.3d 1289, 1291 (11th Cir. 2006). It is a well-settled doctrine in Florida that a court's analysis of the duty to defend is limited to the allegations in the underlying complaint:

> [A]n insurer's duty to defend its insured against a legal action arises when the complaint alleges facts that fairly and potentially bring the suit within policy coverage. The duty to defend must be determined from the allegations in the

complaint. The duty to defend is of greater breadth than the insurer's duty to indemnify, and the insurer must defend even if the allegations in the complaint are factually incorrect or meritless. Indeed, when the actual facts are inconsistent with the allegations in the complaint, the allegations in the complaint control in determining the insurer's duty to defend. Any doubts regarding the duty to defend must be resolved in favor of the insured.

*Id.* at 1292 (quoting *Jones v. Florida Ins. Guar. Ass'n*, 908 So.2d 435, 442-43 (Fla. 2005)); *see also State Farm Fire & Cas. Co. v. CTC Dev. Corp.*, 720 So.2d 1072, 1077 n. 3 (Fla. 1998) (acknowledging that "the duty to defend is controlled by the allegations in the complaint against the insured"); *Irvine v. Prudential Prop. & Cas. Ins. Co.*, 630 So.2d 579, 579-80 (Fla. 3d DCA 1993) ("The duty is determined solely by the allegations against the insured, not by the actual facts, nor the insured's version of the facts."); *Baron Oil Co. v. Nationwide Mut. Fire Ins. Co.*, 470 So.2d 810, 813 (Fla. 1st DCA 1985) ("[T]he duty to defend continues even though it is ultimately determined that the alleged cause of action is groundless and no liability is found within the policy provisions defining coverage. If the allegations of the complaint leave any doubt regarding the duty to defend, the question must be resolved in favor of the insured requiring the insurer to defend."). As such, the Court must analyze the state Complaint to determine whether it alleges facts that fairly and potentially bring the state court suit within Policy coverage, without regard to the accuracy of the allegations and giving Southern Coatings the benefit of any doubts concerning those allegations.

The Complaint states that Southern Coatings agreed to apply a urethane foam waterproofing and insulation system as well as ultra violet protection over the existing roof substrate. Compl., Ex. A, ¶¶ 6, 7.[3] These allegations easily fit within the Policy, which provides that Century will cover any property damage arising from "waterproofing" operations Southern Coatings conducted. Century suggests the allegations in the Complaint are merely a claim for negligent roofing. However, the actual work at issue in the Complaint (and called for in the Contract attached thereto) involved, at least in substantial part, spray application of a urethane foam and elastomeric coating to

---

[3] Under the Federal Rules, an exhibit to a pleading "is a part thereof **for all purposes**." Fed. R. Civ. P. 10(c) (emphasis added).

create a waterproof seal. Under any reasonable interpretation, this work constitutes waterproofing, especially when the Policy does not define the "waterproofing." Moreover, while the Complaint also describes such work as removing the existing roof and later installing a standing seam metal roof – which might be construed as traditional roofing work – the Policy in question also covers work "necessary or incidental" to waterproofing operations. Southern Coatings' work applying a urethane foam coating – as described in the Contract and as confirmed by discovery – does bear a reasonable relationship to waterproofing. The Court need not, and expressly does not, decide exactly where waterproofing ends and roofing begins. For purposes of the duty to defend, it is enough to conclude that the Complaint sufficiently alleges some substantial waterproofing work as the cause of the damages, because Florida law provides that when at least some of the claims are covered, the insurer has a duty to defend the entire suit. *See Nova Cas. Co. v. Waserstein*, 424 F. Supp.2d 1325, 1332 (S.D. Fla. 2006) (citing *Baron Oil*, 470 So.2d at 813-14). It cannot be said as a matter of law that the state court action falls completely outside the Policy coverage. Accordingly, Century's motion for summary judgment is denied and Century must defend the state court action.

### B.   Duty to Indemnify

Century argues also that the Court should grant summary judgment in its favor as to the duty to indemnify. Century's requested relief cannot be granted until the underlying dispute is resolved. "Because an insurer's duty to indemnify is dependent on the outcome of a case, any declaration as to the duty to indemnify is premature unless there has been a resolution of the underlying claim." *Northland Casualty Co. v. HBE Corp.*, 160 F. Supp.2d 1348, 1360 (M.D. Fla. 2001) (multiple citations omitted). A narrow exception to this rule allows a court to decide the question of indemnity before final resolution of the underlying case if it can conclusively determine from the allegations in the complaint that no coverage exists. This exception does not apply here because, as explained above with respect to the duty to defend, the allegations and the supporting record create a potentiality that coverage exists, at least for a substantial part of Southern Coatings' work on Capitol Lightings' building.

This conclusion is supported by the additional consideration that a ruling on indemnification by this Court could encroach on the resolution of the ongoing state proceedings. *See Ameritas Veriable Life Insur. Co. v. Roach*, 411 F.3d 1328, 1331 (11th Cir. 2005). Considerations of comity, federalism and judicial economy all favor letting the state court action proceed unaffected by any rulings on indemnity in this action. *See id.* Indeed, a finding for Southern Coatings in the state court action would entirely moot the indemnity claim here. Accordingly, the better course is to stay the case until the state proceeding is concluded.

### IV. Conclusion

Based on the foregoing, it is hereby

ORDERED that

(1) Defendant Century Surety Company's Motion for Summary Judgment [DE-26] is DENIED. Defendant has a duty to defend its insured Southern Coatings in the underlying state court action, Case No. 2006-CA-003131;

(2) Plaintiff Southern Coatings, Inc.'s Motion for Summary Judgment [DE-28] as to Century's duty to defend Southern Coatings in the underlying lawsuit is GRANTED; and

(3) The indemnity claims are STAYED pending resolution of the state proceedings. The parties shall notify the Court within two (2) business days of the resolution of the state action, through settlement, final judgment or otherwise.

DONE and ORDERED in Miami, Florida, this 7th day of April, 2008.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record